1814.

KANE
v.
VANDER-
BURGH.

KANE *against* VANDERBURGH AND OTHERS.

*April 26th.*

An injunction to stay waste will be granted ,though there is no suit pending, and though no action can be maintained against the tenant at law.

THE bill, which was for an injunction to stay waste, stated, that *Abraham Tenbroeck*, being seised in fee of the premises, devised them in fee to his daughter, *Margaret*, who devised them to her sister, *Elizabeth Schuyler*, for life, remainder to her children living at her death, and in default of such children, remainder to the children of her brother, *Dirck Tenbroeck*, in fee. After the death of the two testators, *Elizabeth Schuyler*, and her husband, released her interest to the plaintiff. *Elizabeth* is still living, but without issue ; and the defendants are tenants from year to year. The bill further stated, that actions of ejectment were intended to be brought against the defendants, who had been served with notices to quit, which would expire on the 1st *May* next ; and it charged, also, " that the defendants, by themselves, and others hired by them, are daily committing great waste on the premises, by cutting down large quantities of valuable wood and timber, for sale, and carrying the same to market, to the great and irreparable injury of the land, and of the estate of the plaintiff."

No answer had yet been put in to the bill.

*Woodworth*, for the defendants, now moved to dissolve the injunction, for want of sufficient matter stated in the bill.

*Henry*, contra.

THE CHANCELLOR. The waste is explicitly and sufficiently charged in the bill to support the injunction. Nor is it essential to this remedy that there should be an actual *lis*

1814.    *pendens* in a court of law.    There are numerous cases in

KANE.    chancery, as Lord *Hardwicke* has frequently observed,

v.    (*Perrot* v. *Perrot*, 3 *Atk.* 94.    *Robinson* v. *Litton*, 3 *Atk.*

VANDER-    210.    *Farrant* v. *Lovell*, 3 *Atk.* 723.    *Garth* v. *Cotton*,

BURGH.    1 *Ves.* 556.,) in which the court has interposed to stay waste,
by the tenant, where no action can be maintained against
him at law.    Thus, where there is lessee for life, remainder for life, remainder in fee; the mesne remainderman cannot bring waste, nor the remainder-man in fee, but
chancery will interpose and stay the waste.

So equity will, in many cases, restrain waste, though the
lease contain the clause *without impeachment of waste*, and
which takes away the remedy at law, as where this power is
exercised in an unreasonable manner, and against conscience.
(*Aston* v. *Aston*, 1 *Ves.* 264.  *Strathmore* v. *Bowes*, 2
*Bro.* 88.)

Chancery goes greater lengths than the courts of law in
staying waste.    It is a wholesome jurisdiction, to be liberally
exercised in the prevention of irreparable injury, and depends on much latitude of discretion in the court.

The tenant for life is here suffering injury to his own interest, and he, by his tenants, is doing great injury to the inheritance, which it is his duty to prevent.    He is bound to stop
the mischief, or be responsible himself.    To suppose that an
ejectment must be actually commenced before the injunction
can issue, is certainly an error; this would be placing the
operation of waste beyond the reach of control during the
period of the six months' notice.    Indeed, the notice to quit
may be considered as the commencement of an adverse proceeding at law, and sufficient to bring the case within the
spirit of the decision in *Lathrop* v. *Marsh*, (5 *Ves.* 259.)

Motion denied, with costs.