CHARLES T. FLEMING, Trustee of the real estate of BENJAMIN POTTER, deceased,

*vs.*

HENDERSON COLLINS, Adm'r. of JOSHUA S. LAYTON, deceased, and the heirs of the said decedent.

*Sussex, Sept. T.* 1859.

The cutting of timber is an injury of an irreparable nature and remediable in equity, by whomsoever committed.

Equity, having jurisdiction to restrain waste, will decree an account and satisfaction for the waste committed.

Upon the death of the party committing the waste the liability to account survives against his administrators.

BILL TO RESTRAIN WASTE AND FOR AN ACCOUNT.    The complainant was trustee under the will of Benjamin Pot-

ter, deceased, of certain real estate devised to charitable uses. The bill was filed against the heirs at law and the administrators of Joshua S. Layton, deceased; alleging that he, in his life-time, had cut timber on part of the trust estate, and praying an injunction against further waste; also praying an account of the waste committed and payment of the amount. The defendants who answered alleged that Joshua S. Layton was in possession of the premises at the time of Potter's death, and claimed title in himself by purchase from C. S. Layton, the former owner; that the land had been vacant, was taken up by C. S. Layton and by him sold to Joshua S. Layton, who cut the timber as the owner; that Potter had no title and was never in possession. The defendants admitted the cutting. The bill was taken *pro confesso* as to Henry A. Layton, one of the heirs at law.

Before the final hearing of the case an issue was directed to try the title to the land in controversy by a jury at the bar of the Superior Court. The jury found the title to be in the complainant, as trustee of the Potter estate.

Depositions were taken by both parties touching the amount and value of the wood cut.

The cause came before the Chancellor, at the Sept. T. 1859, for a hearing upon the bill, answers, exhibits and depositions, and the verdict found on the issue directed.

*W. Saulsbury* and *E. D. Cullen*, for the complainant.

The title is established by the verdict, and nothing remains but to prove the waste. The proof shews that timber was cut, to the injury of the inheritance, and the value of it. That is waste, and gives equitable jurisdiction of the subject.    2 *Sto. Eq. Jur. sec.* 200; *Eden on Inj.* 249, 199. The Court, having jurisdiction of the subject, will proceed to give full redress, so as to prevent a multiplicity of suits.

Therefore, it will not only restrain further waste but ascertain by an account the waste committed, and decree payment. The party who committed the waste being dead the redress for the waste committed survives against his administrators.

*C. R. Layton* and *C. S. Layton,* for the defendants.

This is not a case of waste. There is no community of title. Joshua S. Layton held possession, claiming the exclusive title, and cut timber as owner of the land. The verdict, finding the title to be in Potter, made the cutting by Layton a trespass, remediable only by an action at law for damages against his administrators. 1 *Chitty Pl.* 81, 83. They are not subject to an account in equity. 2 *Johns. Ch. R.* 169. How can administrators file an account for waste committed by the intestate in his life-time ? They know nothing about it. As to the heirs, they are in no way affected by a trespass committed by their ancestor.

HARRINGTON, CHANCELLOR.—The verdict upon the issue concludes the question of title, and leaves nothing to be decided but whether waste, such as is the subject of equitable jurisdiction, has been committed, and the amount of it. The cutting is undisputed, and the amount and the value of the timber cut is proved. That it is the subject of equity jurisdiction there can be no doubt. For, the cutting of timber is an injury irreparable in its nature, and by whomsoever committed is remediable in equity. The remedy by injunction in such cases, has been greatly extended, and is applied even to restrain trespasses which are irreparable. *Coop. Eq.* 152; *Eden on Inj.* 199; 6 *Johns. Ch. R.* 497. The Court having jurisdiction to restrain waste will do complete justice by decreeing an account and satisfaction for the waste committed; and the party committing it having died, the liability to account survives

against his administrators. In the present case there is already sufficient proof for a final decree; but if the parties desire an opportunity for further proof, I will direct an account.

Both parties preferred a decree upon the present proofs; and, accordingly, a decree was entered against the administrators of Joshua S. Layton, deceased, for $125.00, as the value of the waste.