[Filed March 30, 1882.]

# R. S. SHERIDAN ET AL. v. FRANK McMULLEN.

INJUNCTION—WASTE.—A suit will lie for an injunction to stay waste, threatened or being committed.

DOUGLAS COUNTY. Defendant appeals. Affirmed.

*J. W. Hamilton*, and *E. B. Watson*, for Respondents.

*William R. Willis*, for Appellant.

LORD, J. — This is a suit brought to enjoin the defendant, who is a lessee of the plaintiff, from the commission of waste upon the leased premises. Among other things, it is alleged in the words of the lease:—

"That it is stipulated and agreed by the defendant in said lease that he would take good care of said premises; to keep the same, the houses, fences, and improvements thereon, in good repair and order. It was further stipulated and agreed by the said defendant and plaintiff that the defendant should remove no wood or timber from said premises, except for his own use, and at no time and under no circumstances should the defendant cut any growing timber along the banks of the South Umpqua River on said premises, or in the grove adjacent to the house, and lying along the said river." "That the said defendant has violated the conditions of said lease in this, that he has cut the growing timber along the bank of the South Umpqua River, and in the grove adjacent to the house of plaintiff, in this, that the said defendant has cut about five or six large trees in said grove, and threatens to continue in cutting said timber, and will so do unless restrained by this court." "That by the commission of the act and acts aforesaid, and in the continuance thereof, which is threatened by the defendant, the plaintiff suffers an irreparable injury to said premises, more particularly as follows, to wit: That said trees adjacent to the plaintiff's house on said premises are shade trees, and are of great value to the plaintiff in affording a protection for the plaintiff's stock in summer and winter time; that said grove is used in

summer time as a place wherein their sheep are sheared; that plaintiff has taken great pains and trouble in preserving said trees for the purpose and purposes aforesaid, and that said plaintiff is unable to respond in damages."

The answer of the defendant denies each and every allegation, and contains no new matter, except that he alleges " that he has cut and used of the timber on said premises as by the terms of said lease he had the right and privilege to do, and no more; and that in cutting and using said fire-wood on said premises no waste or unnecessary damage was done to the said premises." It is said in Bouv. Law Dict., citing authorities in support of it, that "the revisioner need not wait until waste has been actually committed before bringing his action ; for if he ascertains that the tenant is about to commit any act which would operate as a permanent injury to the estate, or if he threatens or shows any intention to commit waste, the court will at once interfere, and restrain him by injunction from doing so." The remedy by injunction to stay waste, threatened or being committed, has been so often asserted, and is now so fully etsablished, that the jurisdiction is seldom questioned. It has almost entirely superseded the common-law action of waste, and in a great measure taken the place of the action on the case for damages, ordinarily resorted to whenever any remedy is sought at law, because of their inadequacy in many cases, and the remedy by injunction is so much more expeditious and complete. In summing up this equitable jurisdiction, JUDGE STORY says :—

"From this very brief view of some of the mu.e important cases of equitable interference in cases of waste, the inadequacy of the remedy at common law, as well to prevent waste as to give redress for waste already committed, is unquestionable,. and there is no wonder that the resort to the court of law has in a great measure fallen into disuse. The action of waste is of rare occurrence in modern times ; an action on the case for waste being generally substituted in its place, whenever any remedy is sought at law. The remedy by a bill in equity is so much more easy, expeditious, and complete that it is almost invariably resorted to. By such a bill not only may future waste be pre-

vented, but as we have already seen, an account may be decreed and a compensation given for past waste." (2 Story Eq. Juris. § 917.)

And again :—

" The jurisdiction, then, of courts of equity to interpose by way of injunction in cases of waste may be referred to the broadest principles of social justice. It is exerted where the remedy at law is imperfect, or is wholly denied ; where the nature of the injury is such that a preventive remedy is indispensable and it should be permanent; where matters of discovery and account are inadequate to the proper relief; and where equitable rights and equitable injuries call for redress, to prevent a malicious, wanton, and capricious abuse of their legal rights and authorities by persons having but temporary and limited interests in the subject-matter." (2 Story Eq. Juris. § 919; 3 Pomeroy Eq. Juris. § 1348; Wood, Landl. & Ten. §§ 427, 428, 429, and notes.)

In *Fleming* v. *Collins*, 2 Del. Ch. 230, it was held that the cutting of timber is an injury of irreparable nature and remediable in equity, by whomsoever committed, and that equity, having jurisdiction to restrain waste, will decree an account and satisfaction for the waste committed. (*Allison & Evans' App.* 77 Pa. St. 225 ; *Kane* v. *Vanderburgh*, 1 Johns. Ch. 11.)

. Upon the facts, there can be no doubt of the cutting of the timber; but the contention of the defendant is that the timber he cut was not within the grove adjacent to the house and reserved in the lease. The lease prescribes that the defendant shall not cut any growing timber along the bank of the South Umpqua, or in the grove adjacent to the house; but the specification of the charge and the evidence is more particularly directed to the destruction of the growing timber in the grove adjacent to the house. To avoid the effect of this, it was sought to show, by another provision of the lease, that the charge was inconsistent with the lease. The provision is that " it is also further agreed that the said McMullen shall cut or remove no wood or timber from said premises except for his own use, and at no time and under no circumstances shall he cut any growing

timber along the banks of the South Umpqua River, or in the grove adjacent to the house, and also in the grain-field." But we cannot concur in the criticism suggested. We think it is plainly intended to read, " and at no time and under no circumstances shall he cut any growing timber along the banks of the South Umpqua River, nor (shall he cut any growing timber) in the grove adjacent to the house," etc. This is manifestly consistent with the whole lease, and to which the allegation and evidence were more especially directed.

The charge is explicit and definite, and the only question now is whether the growing timber cut by the defendant was cut in the grove adjacent to the house and reserved in the lease. The evidence shows that a short distance from the house, upon the banks of the Umpqua River, is a knoll, or piece of rising ground covered with large oaks, which the father of plaintiff, years previously, thinned out, and trimmed many of the trees left standing, for their better preservation and growth; that it possesses singularly excellent advantages as a location for building purposes, and that it has been preserved and protected with some prospective reference to this object; and that it has been used by the plaintiff as a convenient place to corral his sheep, and to shelter and to shear them. There is evidently an abundant supply of timber upon the farm, enough and to spare, for more than all ordinary purposes of fire-wood and repair. The evidence of the defendant seeks to connect this grove with a belt of timber or contiguous patches of growing timber, in which he was authorized to cut by the terms of the lease, and thus show that the acts of alleged waste were not committed in the *locus in quo.* But this grove adjacent to the house, although there is other growing timber near it, cannot thus be confounded. The uses to which it has been put, the care which has been taken to preserve it, its location and superior advantages for many purposes, give it a character and identity that plainly distinguish it from those other places of growing timber in which the defendant was permitted to cut his fire-wood. We think the evidence shows conclusively that it was in this grove, reserved in the lease and charged in the bill, in which the acts of waste were committed

by the defendant; and judging from the spirit of some of his remarks in reference to it, the defendant will continue, unless restrained, to commit further acts of waste.

We think, therefore, the court below did right and equitably in granting the injuction, and the decree therein must be affirmed.