MEYER & BRO. v. GAGE BROS. & CO.

1. **Attorney at Law**: AUTHORITY TO ORDER ATTACHMENT: TRESPASS: LIABILITY OF CLIENTS. Where a petition in attachment was signed by defendants' attorney, and sworn to by one of defendants, and the attorney ordered the levy of the writ, and they took judgment against the defendants in attachment and procured an order for the sale of the attached property, and it was sold pursuant to such order, *held* that the authority of the attorney to direct the levy, or a subsequent ratification of his act, must be presumed, and that, if a trespass was committed by such levy, defendants were liable therefor.

2. **Judgment in Attachment in Federal Court**: ONE NOT A PARTY NOT BOUND BY: TRESPASS IN LEVY: RECOVERY FOR IN STATE COURTS: CONFLICTING DECISIONS. An attachment issued by the federal court, in a cause to which plaintiffs were not parties, was levied upon property on which plaintiffs held a mortgage, valid under the decisions of this court, but invalid under a decision of the federal court from which the writ issued. *Held* that, in an action in the courts of this state by the mortgagees against the attachment plaintiffs, to recover the amount of their interest in the property seized and sold, the decisions of this court as to the validity of the mortgage should prevail, and not the decision of the court issuing the attachment.

3. **Chattel Mortgage**: VALIDITY: RETENTION OF PROPERTY BY MORTGAGOR WITH POWER TO SELL. The uniform holding of this court, (see cases cited in opinion,) that the reservation by the mortgagor of chattels

of the right to retain possession of the property, and to sell it in the ordinary course of business, does not render the mortgage fraudulent in law, adhered to.

*Appeal from Mahaska District Court.*

TUESDAY, APRIL 7.

THIS action was brought by plaintiffs to recover the value of their interest in certain goods which were seized and converted by defendants. It is alleged in the petition that Vickory and McQuiston, who were the owners of said goods, executed and delivered to plaintiffs a chattel mortgage thereon to secure the amount of an indebtedness which they were then owing them; and that defendants, after the execution and delivery of said mortgage, and with notice thereof, sued out a writ of attachment from the circuit court of the United States for the district of Iowa, and caused the same to be levied on said goods; and that under said levy they have carried said goods away and converted them to their own use. Defendants in their answer averred that said mortgage, under which plaintiffs claimed, was fraudulent as against the creditors of Vickory and McQuiston, for that by its terms the mortgagors reserved to themselves the right to retain possession of the mortgaged property, and sell the same at retail, according to the usual custom of merchants; and that they were permitted by plaintiffs to retain possession of said property, and deal with the same as their own, for a long time after the execution and delivery of the mortgage; and that they had it in possession at the time it was seized under the writ of attachment; and that by the law, as held by the court out of which said writ issued, said mortgage was fraudulent and void. The answer also contained a general denial. The judgment was for defendants, and plaintiffs appeal.

*John F. & W. R. Lacey*, for appellants.

*Lafferty & Needham* and *H. W. Gleason*, for appellees.

REED, J.—The case was tried to the court without the intervention of a jury. Plaintiffs introduced in evidence the mortgage referred to in the pleadings. They also proved that a portion of the debt secured by it remained unpaid. They also introduced in evidence the pleadings in the attachment suit, together with the writ of attachment and the return of the officer who served the same; also the record of the judgment in the case, and the order of the court for the sale of the attached property. It was also shown that the mortgage was duly recorded at the time of the levy, and that personal notice of the mortgage was given to the attorney of defendants, who was present at the time of the levy, and directed the officer to levy on the property in question. Defendants introduced in evidence the opinion of the circuit court of the United States for the district of Iowa, in the case of *Crooks v. Stuart*, 2 McCrary, 13. The mortgage under which plaintiffs claim the property contains the following provision: " Said grantors, or either of them, will have the right to sell said goods at retail, according to the usual custom of merchants." It was held by the circuit court of the United States, in said case, that a chattel mortgage, in which the mortgagor reserved to himself the right to retain possession of the mortgaged property and dispose of it for his own benefit, was fraudulent and void as against creditors. The district court made the following finding: "The court finds affirmatively that the mortgage to the plaintiffs from McQuiston *et al.* was valid and in good faith, and has not been paid." The judgment, however, was for defendant. It is suggested by counsel for defendants that the court may have reached this conclusion on the ground that the responsibility of defendants for the alleged wrongs was not established by the evidence.

As stated above, the marshal levied the writ on the property in question by direction of defendants' attorney. The

1. ATTORNEY at law: authority to order attachment: trespass: liability of clients. attachment was issued on a petition,. which was signed by the attorney, and verified by a member of defendants' firm. They subsequently took judgment against Vickory and McQuiston by default on this petition. They also procured an order for the sale of the attached property, and it was subsequently sold in pursuance of this order. If a trespass was committed in the levy of the attachment, there can be no question, we think, but defendants are liable therefor. On the facts proven, the authority of the attorney to give the direction for the levy, or a subsequent ratification of his act by defendants, will be presumed. And we are satisfied that the real ground upon which the holding was placed was, that the question whether defendants were guilty of a trespass in procuring the goods to be seized was to be determined by the law of the forum in which the proceedings under which they were seized were had. And as, by the former rulings of that court, mortgages like the one under which plaintiffs claimed were held to be invalid, their act of seizing the property under process would not be a trespass.

In our opinion, this position is not sound. The suit in which the property was attached was between defendants and

2. JUDGMENT in attachment in federal court: one not a party not bound by: trespass in levy: recovery for in state courts: conflicting decisions. Vickory and McQuiston. Plaintiffs were not parties to it. Their rights could not be determined by any judgment that might be rendered in it. The validity of their mortgage was in no manner drawn in question in the suit; nor could it be in their absence. They could not be deprived of any rights which they had in the property, under a process issued against Vickory and McQuiston, in a suit to which they were not parties.

The writ of attachment authorized defendants to seize the property of Vickory and McQuiston, the parties against whom it ran. It gave them no authority whatever to seize plaintiffs' property, and it can afford them no protection if they did seize property upon it which belonged to them.

As plaintiffs' rights were in no manner determined by the proceedings in said suit, the question whether they are entitled to recovery because of the seizure of said property depends entirely on whether the mortgage under which they claim is valid. The special finding of the court determines that said mortgage was not fraudulent in fact. And the uniform holding of this court has been that the reservation by the mortgagor of the right to retain possession of the property, and sell it in the ordinary course of business, does not render the mortgage fraudulent in law. See *Torbert v. Hayden*, 11 Iowa, 435; *Hughes v. Cory*, 20 Id., 399; *Clark v. Hyman*, 55 Id., 14; *Sperry v. Ethridge*, 63 Id., 543; *Jaffray v. Greenbaum*, 64 Id., 492. This holding is based upon the construction given to certain statutes of the state, and it has been adhered to for more than twenty years, and has become a rule of property in the state, and we see no occasion now for departing from the rule that has been thus established.

3. CHATTEL mortgage: validity: retention of property by mortgagor with power to sell.

Other questions have been argued by counsel. They all relate, however, to the validity of the mortgage, and are determined by the finding of the court that it was valid. There was no appeal from that finding. Its correctness cannot, therefore, be questioned in this court.

The judgment of the district court will be

REVERSED.