## CHARLES DUNCOMBE v. HORATIO O. FELT.

*Landlord and tenant—Life-lease—Waste—Equity jurisdiction.*

1. Under a life-lease given by a grantee to his grantor, providing that the lessee should have as full and complete control of the premises (160 acres of land, with nine acres of standing timber thereon) as though the conveyance had not been made, the lessee has much of the character of a tenant *in fee*, but he cannot destroy the inheritance. He may take the timber for his own use, and do all those acts which a prudent tenant in fee would do; but he will not be permitted to entirely strip the land of timber, and convert it into lumber, and sell it away from the inheritance.

2. Chapter 271, How. Stat., giving a right of action at law for waste, does not deprive the court of chancery of jurisdiction in proceedings to restrain threatened waste.

Appeal from Van Buren. (Buck, J.) Argued May 16, 1890. Decided June 6, 1890.

Bill to restrain the cutting and removal of timber and the commission of waste. Defendant appeals. Affirmed. The facts are stated in the opinion.

*Spafford Tryon* and *A. J. Mills,* for complainant.

*F. J. Atwell,* for defendant.

[The points of counsel are stated in the opinion.— REPORTER.]

LONG, J. The bill was filed in this cause for an injunction to restrain the defendant from cutting and removing any of the timber or trees standing or growing upon the premises described in the bill, and from committing or permitting any waste of said premises.

The bill alleges that complainant is the owner in fee

of the premises, containing about 160 acres, subject to a life-estate in the defendant; that the complainant derived his title through a sheriff's deed, upon an execution sale to satisfy a judgment against. Seth H. Felt; that said Seth H. Felt derived his title through a deed made and executed to him by the defendant, Horatio O. Felt, and his wife; that at about the time of the conveyance of said premises to Seth H. Felt he made, executed, and delivered a lease in writing to Horatio O. Felt and wife. This lease is set out in full in the record.

The bill also alleges that said Horatio O. Felt is in actual possession and occupancy of the premises under and by virtue of said lease, and that his wife is now deceased; that upon about nine acres of said premises is growing and standing a large amount of valuable oak and other timber, fit for sawing and lumbering purposes, and that said timber constitutes a large portion of the·value of said premises. The bill then states:

"Your orator further shows that the said Horatio O. Felt has caused to be cut, and is causing to be cut, and is cutting, lumbering, and removing, from said premises, a large portion of said timber and trees growing thereon, and threatens to continue so to do, and has already cut about five acres of said timber.

"Your orator further shows that thereby the said Horatio O. Felt is committing waste upon said premises and irreparable injury thereto, and materially lessening the value thereof.

"Your orator further shows that if the said Horatio O. Felt is permitted to continue to cut down said timber and lumber, and commit waste upon said premises, as aforesaid, and is not restrained from so doing by an order and injunction of this honorable court, the value thereof will be depreciated to the amount of at least five hundred dollars.

"And your orator further shows that said cutting and removing of said timber and said lumber upon said premises by said Felt has been and is being done without the authority or consent of your orator, and against his

wishes and direction thereon, and without any authority or right in said Felt so to do.

"All of which actings and doings of the said Horatio O. Felt, who is made defendant herein, are contrary to equity and good conscience, and tend to the manifest wrong, injury, and oppression of your orator."

The lease set out in the bill of complaint was executed before the complainant derived his title under the sheriff's deed, and contains the following clause:

"To have and to hold the said demised premises, with the appurtenances, unto the said parties of the second part, their executors, administrators, and assigns, for and during and until the full end and term of their natural lives, so long as either of them shall live, yielding and paying therefor, during the continuance of the lease, unto the said party of the first part, nothing; this lease being given in consideration of the second parties having conveyed the premises herein described to the first party; and under no consideration whatever are the second parties to be removed from the possession of the said premises except as they shall voluntarily surrender their rights under this lease. And it is expressly understood that the second parties are to have as full and complete control of said premises, while they or either of them shall live, as though such conveyance had not been made."

A general demurrer was filed, and on the hearing in the court below was overruled, and a decree entered for complainant making the injunction perpetual. Defendant appeals.

The claim of counsel for the complainant is that on the premises there are only about nine acres of growing timber; that this timber is needed for the use of the farm, and its destruction makes a case of actionable waste, to be restrained by injunction.

The rights of the parties must be determined by the construction given to these clauses in the lease above quoted. The title to the premises was in defendant, Horatio O. Felt. When he and his wife deeded the same,

they took back this lease, by the terms of which they were to have and to hold the premises—

"For and during and until the full end and term of their natural lives, so long as either of them shall live, yielding and paying  *   *   *   nothing."

The consideration was the conveyance of the premises to Seth H. Felt. It is further provided in the lease that the lessees are not to be removed from the premises on any consideration whatever, except as they might voluntarily surrender their rights under the lease. Then follows the clause which it is claimed gives the defendant the right to take the timber in question:

"And it is expressly understood that the second parties are to have as full and complete control of said premises, while they or either of them shall live, as though such conveyance had not been made."

The complainant acquired all the rights in the premises under his purchase at the execution sale that Seth H. Felt had, but with notice of all the conditions in this lease. It is therefore contended by counsel that the lease gave defendant the same interest or property in the estate as he had before he and his wife conveyed the lands to Seth H. Felt, and that he can deal with it in all respects as though he was the owner, the only limitation being that of duration of the estate, and that the clauses in the lease above set out in effect are equivalent in meaning with the old clause in leases, "without impeachment for waste."

Counsel for defendant insists that the doctrine laid down in *Stevens v. Rose*, 69 Mich. 259, fully sustains his claim that the defendant has the right to remove this timber, and do all other acts that he could have done as owner in fee, and that the defendant's estate is not impeachable for waste. His claim is not sustained by that case. It was there held that the words—

"To- have and to hold, and to use and control as the lessee thinks proper, for his benefit during his natural life,"—

Clearly import a lease without impeachment for waste, and that the defendant had the right to do all those acts which such a tenant may exercise; but that the words were not to be treated as importing a license to destroy or injure the estate, but to do all reasonable acts consistent with the preservation of the estate which otherwise might in law be waste. In the present case it is conceded that there are only 9 acres of timber on the whole 160-acre tract; that the defendant has already cut about 5 acres, and threatens to cut and carry away the remainder. I have never understood the rule of the common law to be so broad as contended for by counsel for defendant. The clause, "without impeachment for waste," never was extended to allow the very destruction of the estate itself, but only to excuse permissive waste. 10 Bac. Abr. p. 468, tit. "Waste." In *Packington's Case*, decided in 1744, and cited by Bacon (reported 3 Atk. 215), the plaintiff alleged that the defendant, Sir H. Packington, had cut down a great number of trees, and had threatened to cut down and destroy them all. Lord Hardwicke granted an injunction to restrain the waste. The lease in the case was made without impeachment of waste. Mr. Greenleaf, in his Cruise on Real Property (volume 1, * 129), lays down the rule thus:

"The clause, 'without impeachment of waste,' is, however, so far restrained in equity that it does not enable a tenant for life to commit malicious waste so as to destroy the estate, which is called 'equitable waste,' for in that case the court of chancery will not only stop him by injunction, but will also order him to repair if possible the damage he has done."

In 10 Bac. Abr. tit. "Waste," p. 469, it is said:

"So, where a lease was made by a bishop for twenty-

one years, without impeachment of waste, of land that had many trees upon it, and the tenant cut down none of the trees till about half a year before the expiration of his term, and then began to fell the trees, the court granted an injunction; for, though he might have felled trees every year from the beginning of his term, and then they would have been growing up again gradually, yet it is unreasonable that he should let them grow till towards the end of his term, and then sweep them all away; for, though he had power to commit waste, yet this court will model the exercise of that power;" citing *Abraham v. Bubb,* Freem. Ch. 53.

At the common law no prohibition against waste lay against the lessee for life or years deriving his interest from the act of the party; the remedy was confined to those tenants who derived their interest from the act of the law. But the timber cut was, at common law, the property of the owner of the inheritance, and the words in the lease, "without impeachment of waste," had the effect of transferring to the lessee the property of the timber. *Bowles' Case,* 11 Coke, 79; Co. Litt. 220*a.* The modern remedy in chancery by injunction is broader than at law, and equity will interpose in many cases, and stay waste where there is no remedy at law. Chancery will interpose when the tenant affects the inheritance in an unreasonable and unconscientious manner, even though the lease be granted without impeachment of waste. 4 Kent. Comm. 78; *Perrot v. Perrot,* 3 Atk. 94; *Aston v. Aston,* 1 Ves. Sr. 264; *Vane v. Barnard,* 2 Vern. 738; *Kane v. Vanderburgh,* 1 Johns. Ch. 11. In the case of *Kane v. Vanderburgh, supra,* it was said:

"Chancery goes greater lengths than the courts of law in staying waste. It is a wholesome jurisdiction, to be liberally exercised in the prevention of irreparable injury, and depends on much latitude of discretion in the court."

In this State an action on the case for waste is author-

81 MICH.—22.

ized by chapter 271, How. Stat. This has superseded
the common-law remedy, and relieves the tenant from the
penal consequences of waste under the statute of Glou-
cester, as the owner now recovers no more than the
actual damages which the premises have sustained, while
that statute gave by way of penalty the forfeiture of the
place wasted, and treble damages; and this harsh rule
was adopted by many of the American states by the early
statutes. This statute giving a right of action in courts
of law for waste does not, however, deprive the court of
chancery of jurisdiction in proceedings to restrain threat-
ened waste.

There can be no doubt that the defendant in the pres-
ent case has much of the character of a tenant in fee,
but he cannot destroy the inheritance. He may take the
timber for his own use, and do all those acts which a
prudent tenant in fee would do. He cannot pull down
the buildings or destroy them, or cut and destroy fruit
trees, or those planted for ornament and shelter; neither
can he be permitted to entirely strip the land of all tim-
ber, and convert it into lumber, and sell it away from
the inheritance. It is not claimed that the timber is
being used for betterments on the premises, but it is
admitted that the life-tenant is selling it for his own
gain and profit. The demurrer was properly overruled.

The decree of the court below will be affirmed, with
costs.

The other Justices concurred.