### IN THE

# SUPREME COURT

### OF

# OREGON.

Argued December 4, affirmed December 18, 1917.

## BARNES v. ESCH.*

### (169 Pac. 512.)

**Injunction—Trespass—Cutting Timber.**

1. Equity will intervene to prevent a trespass upon real property by cutting timber.

**Mines and Minerals—Injunction—Removal of Ore.**

2. The removal of ore from the premises of another without his consent will be enjoined.

**Waste—Injunction.**

3. A suit in equity will lie to restrain waste.

**Execution—Injunction—Pleading.**

4. A complaint in a suit to enjoin the sale of real property upon execution could not be sustained as predicated upon the assumption of a continuing or other trespass; for, since levy of execution upon real property is made under Section 233, subdivision 4, L. O. L., by the sheriff's delivering to the county clerk a certificate containing the title of the cause, the names of the parties to the action, a description of the land, and that the same has been levied upon to satisfy the demand of the judgment creditor, such enforcement of the writ does not imply an entry upon the premises.

**Execution—Wrongful Levy—Persons Liable.**

5. A seizure by an officer of the property of one not a party to the writ being illegal, when such levy is directed by the party at whose instance the execution was issued, the command renders such party and the officer liable for the damages thus occasioned.

**Justices of the Peace—Setoff of Judgments—Statutes.**

6. Section 2443 et seq., L. O. L., providing for setting off one judgment against another when given in Justices' Courts, if between the same parties and mutual, evinces a legislative policy, in the absence

---

*For authorities discussing the question of right to injunction against trespass to cut timber, see notes in 22 L. R. A. 233; 43 L. R. A. (N. S.) 262.                                                                    REPORTER.

of any statute regulating equitable setoffs in courts of record, of requiring that the demands shall be mutual and exist between the same parties before they can be employed to extinguish, wholly or in part, the rightful claim of the adverse party.

[As to setoff of one judgment against another, see note in 109 Am. St. Rep. 137.]

**Setoff and Counterclaim—Setoff of Partners' Claims.**

7. Notwithstanding the rule against setoff of partnership demands and demands due to individual partners, where all the partners agree with an individual that a setoff may be allowed, the stipulation will be enforced.

**Setoff and Counterclaim—Setoff of Wife's Claim Against Judgment Against Husband.**

8. Notwithstanding a wife's natural interest in protecting her husband's rights, the requirement of mutuality of demands prevents her being allowed to offset her claim for damages against a judgment against her husband to which she was not a party, even though the judgment creditor is insolvent and a nonresident of the state.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. JUSTICE MOORE.

This suit was instituted by Grace D. Barnes against Wm. Esch, the then sheriff of Marion County, Oregon, and A. B. Spencer to enjoin the sale of real property upon execution, to recover from Spencer $60,000 as damages for his alleged interference with her lands, and to offset that sum against a judgment which Spencer obtained against her husband, L. S. Barnes. The complaint charges in effect that by consideration of the Superior Court of Los Angeles County, California, Spencer secured a judgment against Mr. Barnes for $69,339, which final determination was obtained by fraud, deceit and false testimony; that based on such recovery Spencer commenced an action in the Circuit Court of Marion County, Oregon, and obtained a duplicate judgment; that by direction of her husband, the plaintiff delivered to him certain funds with which he purchased in such county lands worth $56,250, and bonds of the par value of $3,500, which property was intended to be conveyed and transferred to her, but by

inadvertence the deeds therefor, except to a small part of the premises, were executed and the bonds assigned to him, and since such purchases she has been and now is the owner of the property and entitled to the proceeds thereof; that on March 18, 1913, with knowledge and notice of the plaintiff's title and ownership, Spencer fraudulently caused to be issued on the latter judgment an execution which by his direction Esch levied upon her lands and advertised them for sale, and he also seized such bonds by virtue of the writ; that the plaintiff commenced a suit against Spencer and Esch for a decree declaring her to be the owner in fee of all the real property so levied upon, securing a temporary order restraining the sale of the land, and at the final hearing it was decreed that she was such owner of all the premises, except a tract known as the Burrows property, and particularly described in the case of *Barnes* v. *Spencer,* 79 Or. 205, 221 (153 Pac. 47); that by virtue of the seizure of such bonds, Esch sold them and applied the proceeds on the judgment to plaintiff's damage in the sum of $3,500; that in consequence of Spencer's fraudulent conduct, the plaintiff has been obliged to expend $12,000, in defending her title to the land; that by reason of his clouding the title to her real property she has lost the sales of tracts thereof upon *bona fide* offers in advance of the purchase prices as follows: On the Salem Hotel, $25,750, on the Barker property, $2,750, and on the Hofer property, $1,500, and by reason of Spencer's fraudulent conduct she has been damaged in the sum of $60,000; that believing she was the owner of the Burrows property she expended in improving it, $2,000; that Spencer is a nonresident and has no property in Oregon, except the fraudulent judgment against Mr. Barnes; that Esch has readvertised the Burrows prop-

erty and if he is not restrained he will sell the premises upon execution, and unless Spencer is enjoined, he will continue to annoy and harass the plaintiff and compel her to expend more money in protecting her title to the lands, to her irreparable injury and damage.

The answer denies some of the averments of the complaint, admits others, and for a further defense and by way of estoppel alleges in substance the giving of the judgment in Marion County, Oregon, the issuing thereon of an execution, the levy thereof upon the land, and the seizure of the bonds, whereupon the plaintiff commenced a suit against these defendants, as hereinbefore stated, but in the complaint therein she made no claim to the bonds and by stipulation of the parties such securities were by order of the court, released from the injunction and sold upon execution, with the knowledge of the plaintiff and without her objection, for which reason she ought now to be precluded from asserting any right to or interest in the bonds, or the sum of money derived from the sale thereof.

For another defense it is practically alleged that by the final decree of this court in the case referred to it was determined that plaintiff had no title to or interest in the Burrows land, and a *remittitur* of record having been sent to and recorded in the trial court, pursuant thereto the sheriff readvertised that real property for sale under the execution, which writ had been held.in abeyance pending the final decree, whereupon this suit was instituted, and that by reason of the matters here stated such final decree as to the Burrows land had become *res judicata,* thereby barring plaintiff from maintaining this suit.

The reply having put in issue the allegations of new matter in the answer, the court upon motion of defendants' counsel, that the complaint did not state facts

sufficient to warrant equitable intervention, gave a decree upon the pleadings, dismissing the suit and the plaintiff appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Grant Corby.*

For respondents there was a brief over the names of *Mr. Oscar Hayter, Mr. Woodson T. Slater* and *Mr. Myron E. Pogue,* with an oral argument by *Mr. Hayter.*

MR. JUSTICE MOORE delivered the opinion of the court.

A statement in the brief of plaintiff, reads:

"This is a suit to enjoin a continuing trespass and to secure a setoff of a claim for damages against a judgment obtained against plaintiff's husband, L. S. Barnes, by fraud, deceit and false testimony, which said defendant Spencer attempted to enforce by execution and levy against a large amount of property in Marion and Clackamas Counties owned by the plaintiff."

1–3. In *Bileu* v. *Paisley,* 18 Or. 47, 49 (21 Pac. 934, 4 L. R. A. 840), Mr. Chief Justice THAYER referring to 3 Blackstone's Com. 209, describes a trespass as follows:

"Every unwarrantable entry on another's soil the law entitles a trespass by breaking his close."

Equity will intervene to prevent a trespass upon real property by cutting timber: *Kitcherside* v. *Myers,* 10 Or. 21; *Mendenhall* v. *Harrisburg Water Co.,* 27 Or. 38 (39 Pac. 399). The removal of ore from the premises of another without his consent will be enjoined: *Allen* v. *Dunlap,* 24 Or. 229 (33 Pac. 675); *Bishop* v. *Baisley,* 28 Or. 119 (41 Pac. 937); *Muldrick* v. *Brown,* 37 Or. 185 (61 Pac. 428). A suit in equity

will lie to restrain waste: *Sheridan* v. *McMullen,* 12 Or. 150 (6 Pac. 497); *Elliott* v. *Bloyd,* 40 Or. 326 (67 Pac. 202); *Roots* v. *Boring Junction Lumber Co.,* 50 Or. 298 (92 Pac. 811, 94 Pac. 182). In each of these cases the party charged with the commission of a trespass had unlawfully done or threatened the perpetration of some act that resulted in irreparable injury, or was detrimental to the estate of the owner in the premises: *Mendenhall* v. *Harrisburg Water Co.,* 27 Or. 38 (39 Pac. 399); *Union Power Co.* v. *Lichty,* 42 Or. 563 (71 Pac. 1044). In *Mathews* v. *Chambers Power Co.,* 81 Or. 251 (159 Pac. 564), it was held that equity would prohibit a willful trespass upon land. To the same effect see *Chapman* v. *Dean,* 58 Or. 475 (115 Pac. 154).

A careful examination of the averments of the complaint herein fails to show that either of the defendants had ever entered upon the plaintiff's land, or done or threatened the commission of any act that might result in injury to her estate in the premises. No trespass, continuing or otherwise, is charged nor are any facts stated in the initiatory pleading from which an unauthorized entry upon the plaintiff's land can be inferred.

The complaint does allege, however, that the defendant Spencer is a nonresident and has no property in Oregon that is subject to execution, except the judgment which he secured against the plaintiff's husband. In a suit to enjoin a trespass an averment in the complaint that the defendant is insolvent has been held insufficient of itself to authorize equitable intervention: *Parker* v. *Furlong,* 37 Or. 248 (62 Pac. 490); *Moore* v. *Halliday,* 43 Or. 243 (72 Pac. 801, 99 Am. St. Rep. 724); *Hume* v. *Burns,* 50 Or. 124 (90 Pac. 1009).

4. As the levy of an execution upon real property is made by the sheriff delivering to the county clerk a

certificate containing the title of the cause, the names of the parties to the action, a description of the land, and that the same has been levied upon to satisfy the demand of the judgment creditor (Section 233, subd. 4, L. O. L.) such enforcement of the writ does not imply an entry upon the premises of the judgment debtor, or of any other person, and for that reason this suit cannot be predicated upon the assumption of a continuing or other trespass.

5. It is argued by plaintiff's counsel that the levy of an execution upon the property of a person who is not a party to the judgment upon which the writ was issued, entitles such owner to compensatory damages, which measure of loss may be set off in equity against the demand of the judgment creditor who caused the injury, if he be insolvent and not a resident of the state. A seizure by an officer of the property of a person who is not a party to the writ is illegal. When such levy is directed by the party at whose instance the execution was issued, the command renders such party and the officer liable for the damages thus occasioned: *Meyer* v. *Gage,* 65 Iowa, 606 (22 N. W. 892); *Perrin* v. *Claflin,* 11 Mo. 13; *Knight* v. *Nelson,* 117 Mass. 458; *First Nat. Bank of Chillicothe* v. *McSwain,* 93 S. C. 30 (75 S. E. 1106 (Ann. Cas. 1914D, 809).

A text-writer in discussing equitable cross-demands as a means of relief, remarks:

"So proceedings under a judgment will be restrained upon the ground of an equitable setoff, even though for unliquidated damages, where the one against whom it is claimed is a nonresident and insolvent": 1 High, Inj., (4 ed.), § 239.

To the same effect see *Marshall* v. *Cooper,* 43 Md. 46; *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.,* 152 U. S. 596 (38 L. Ed. 565, 14 Sup. Ct.

Rep. 710). See, also, the extended notes to the case of *St. Paul etc. Trust Co.* v. *Leck,* 57 Minn. 87. (58 N. W. 826, 47 Am. St. Rep. 576). In *Mitchell* v. *Holman,* 30 Or. 280 (47 Pac. 616), it was decided that equity would entertain a suit to compel the allowance of a setoff against a judgment on a promissory note obtained by a person who held it only as collateral for a debt less than the amount of the note, where such latter fact was not pleaded because it was not known to the maker until the trial of the law action, and the payee was insolvent.

6, 7. Our statute provides for setting off one judgment against another when such final determinations are given in Justices' Courts, if the adjudications are between the same parties and mutual: Section 2443, et seq., L. O. L. Though this enactment relates to judgments rendered by an inferior tribunal in actions at law, it evinces a legislative policy, in the absence of any statute regulating equitable setoffs in courts of record, of requiring that the demands shall be mutual and exist between the same parties before they can be employed to extinguish wholly or in part, the rightful claim of the adverse party. Such rule has been enforced in other jurisdictions. Thus in a note to the case of *Duncan* v. *Bloomstock,* 2 McCord (S. C.), 318 (13 Am. Dec. 728, 729), it is said:

"The doctrine of setoff, as applied to judgments, rests upon different grounds from that which controls where there are mutual demands which have not passed into judgment. In the latter case the power of a court of law to allow a setoff is derived entirely from the statutes of setoff: See note to *Gregg* v. *James,* 12 Am. Dec. 151. But the law courts have long exercised an equitable power, incidental to their jurisdiction over their suitors and officers, and entirely independent of any statute setting off mutual judgments against each other."

In *Collins* v. *Campbell,* 97 Me. 23 (53 Atl. 837, 94 Am. St. Rep. 458, 462), it is said:

"Mutuality is implied in the word 'setoff,' which has been adopted as a legal term by the legislatures and courts, and is essential in every case dependent upon the discretion of the court, but it need not be a nominal mutuality indicated by the record, but real mutuality shown by the evidence."

In *Priest* v. *Dodsworth,* 235 Ill. 613 (85 N. E. 940, 14 Ann. Cas. 340), it was ruled that a plea proposing to set off an individual demand of one of two defendants against a joint demand of the plaintiff against both defendants was bad, since demands to be the subject of setoffs, must be mutual between all the parties to the action. In *Edmondson* v. *Thomasson,* 112 Va. 326 (71 S. E. 536, Ann. Cas. 1913A, 1301), it was held that partnership demands and demands due to individual partners, could not be set off against each other. A conclusion to that effect is based on the assumption that the liability of partners is joint and not several, hence a partnership debt cannot be set off against the claim of a partner individually: *Stewart* v. *Terwilliger,* 177 Mich. 313 (143 N. W. 17, Ann. Cas. 1915C, 808). In *Schade* v. *Muller,* 75 Or. 225, 230 (146 Pac. 144), it is said:

"The defendant cannot set off against the plaintiff's demand any claim he may have against a member of the firm."

Where, however, all the partners agree with an individual that a setoff may be allowed, the stipulation will be enforced: *McDonald* v. *Mackenzie,* 24 Or. 573 (14 Pac. 868).

8. The relationship existing between the plaintiff and her husband is not that of a partnership, but they have been here treated as sustaining a somewhat analogous

association. As a loyal wife the plaintiff must be vitally interested in protecting the rights of her husband, but the most favorable situation that can be invoked in her behalf cannot render her alleged claim for damages mutual, or entitle her to offset such demand against the defendant's judgment to which she was not a party, even though the defendant may be insolvent and is a nonresident of this state.

Believing that a proper conclusion was reached in dismissing this suit, it follows that the decree should be affirmed and it is so ordered.    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE MCCAMANT concur.

