[Filed April 27, 1885.]

WALTER V. SMITH v. CHARLES GARDNER ET AL.

INJUNCTION—TRESPASS—REMEDY AT LAW.—An injunction will be granted to restrain a trespass only when the facts show that the injury would be irreparable, and the remedy at law inadequate to redress the wrong or injury complained of. In all ordinary cases the party must resort to a court of law.

HIGHWAY—DEDICATION—USER.—The owner of the soil may make a qualified dedication of a road or way across it; he may reserve the right to keep a gate across it, or to subject it to any use not inconsistent with the public use. *Semble*, mere user, however long continued, is not sufficient to give a right to the public.

ID.—PERMISSIVE USE.—Permissive use of a way by certain portions of the community constitutes a license and not a dedication.

MULTNOMAH COUNTY. Defendants appeal. Reversed and bill dismissed.

*Charles Gardner*, and *P. L. Willis*, for Appellants.

To effect a dedication of a highway the intention of the owner to dedicate is not always necessary. (Angell Highways, § 145.) A dedication will be presumed against the owner of land when he has permitted the public to use it for such a length of time that the public accommodation and private rights might be

materially affected by an interruption of the enjoyment. (*Cincinnati* v. *White's Lessee*, 6 Peters, 439.) "Such time only is requisite as suffices to acquire that interest, with the assent and concurrence of the owner, which would render it fraudulent in him to resume his rights." (*State* v. *Trask*, 6 Vt. 355; S. C. 27 Am. Dec. 559; *Abbott* v. *Mills*, 3 Vt. 521; *Parrish* v. *Stephens*, 1 Oreg. 69.) A limited dedication of a highway may be made. (*Niagara Falls etc. Co.* v. *Bachman*, 66 N. Y. 261; *State* v. *Trask*, *supra*.) A highway may be dedicated with gates thereon. (*Davies* v. *Stephens*, 7 Car. & P. 570; *Bolger* v. *Foss*, 3 Pacif. L. Rep. 871; S. C. 2 West C. Rep. 897.) The action of an owner of land inclosing a traveled way, and at the same time opening another way by which the travel could reach the same destination as by the former, would operate as an immediate dedication by such owner of the way so opened. (*Hobbs* v. *Lowell*, 19 Pick. 407.) Where a slight change does not operate as an immediate dedication of the line to which the change is made, it does not vary the effect of the use of the same general line of travel. (*Douglas Co. Rd. Co.* v. *Abraham*, 5 Oreg. 321.)

*H. Y. Thompson*, for Respondent.

If a person uses a space upon his own land for a road, for his own convenience, the mere fact that the community are allowed to use it in common with him for twenty or thirty years will not constitute a dedication. (*Dovaston* v. *Payne*, 2 Smith Lead. Cas. 200.) There must be some act of the owner clearly evincing an intention to dedicate. (*Carter* v. *City of Portland*, 4 Oreg. 343.) Proof that a way has been used as a road for more than thirty years, encumbered all the time with gates and bars in the summer seasons, without its ever having been fenced on its sides, is not sufficient to show that it is a public highway. (*Stacey* v. *Miller*, 14 Mo. 478; *State* v. *Strong*, 25 Me. 297; *Irwin* v. *Dixon*, 9 How. 10; *Carpenter* v. *Gwynn*, 35 Barb. 395; Angell Highways, p. 165.)

Lord, J.—This is a suit in equity for an injunction to restrain

the defendants from trespassing upon the lands of the plaintiff. In substance it is alleged that the plaintiff is the owner of the lands described in the complaint, and that the defendants are the owners of a tract of land lying north of, and adjacent to, said lands; that the plaintiff's lands are meadow lands; and that the defendants have been guilty of a series of trespasses upon plaintiff s said lands, such as driving over his meadows, destroying his grass, cutting up his soil with wagons, and breaking and destroying his fences; and that the defendants threaten to continue the trespasses complained of, to the irreparable damage of the plaintiff. The answer denies nearly all the allegations of the complaint, and then, in a further answer, justifies the acts complained of, on the ground that there is a public highway across the plaintiff's lands at the place where said acts were committed; and that the defendants have done nothing more than travel said highway, and remove obstructions therefrom; and that such public highway was established by use for a period long enough to create such an easement. The reply puts in issue the uses and existence of the highway.

The manifest object of this suit is to determine whether a highway exists across the lands of the plaintiff. Analyzed, the complaint is nothing more nor less than an action of trespass *quare clausum fregit*, to which the defendants plead in effect, (1) not guilty; (2) justification, that the fence or gates which they removed were obstructions to a public highway, which they had a right to remove. The replication denied that it was a public highway, and that was the issue to be tried. Indeed, it was said at the argument and in the briefs that the only question in the case was whether or not there is a highway across the plaintiff's land. The mode by which it is sought to determine this question is not in the ordinary course of law, and ought not to be tolerated unless justified by particular facts which authorize the jurisdiction of equity. The practice of granting injunctions in cases of trespass is of comparatively modern origin, and is a jurisdiction sparingly indulged; and only upon a state of facts which show that the injury would be irreparable, and the remedy at law inadequate to redress the wrong or injury complained of.

When the nature of the trespass is such as must necessarily lead to oppressive litigation or a multiplicity of suits, or the injury goes to the destruction of the estate in the character in which it is enjoyed, or the trespass cannot be adequately compensated in damages, and the remedy at law is plainly inadequate, a court of equity, in such or like cases, is authorized to interfere and grant relief by injunction. But the general doctrine, well established by the authorities, is that a court of equity will not grant an injunction to restrain a mere trespass where the injury complained of is not irreparable, and destructive of the plaintiff's estate, but is susceptible of pecuniary compensation, and for which he may obtain adequate satisfaction in the ordinary course of law. (High Injunctions, §§ 697, 703; 3 Wait Act. and Def. tit. "Trespass," and authorities cited; Pom. Eq. Juris. § 1357, n.)

"Equity," said Pearson, J., "does not extend its jurisdiction either to offenses against the public or to civil trespasses. In reference to the former no exception has ever been made; but in reference to the latter an exception has been allowed, after much hesitation, and jurisdiction assumed for the prevention of torts or injuries to property by means of the writ of injunction under certain restrictions, namely: two conditions must concur in order to give jurisdiction, the plaintiff's title must be admitted, or be established by a legal adjudication, and the threatened injury must be of such a nature as will cause irreparable damage." (*Gause* v. *Perkins*, 3 Jones Eq. 178. See also *Bolster* v. *Catterlin*, 10 Ind. 118; *Jerome* v. *Ross*, 7 Johns. Ch. 334; *Cooper* v. *Hamilton*, 8 Blackf. 378; *McMillan* v. *Ferrell*, 7 W. Va. 229; *Smith* v. *Pettingill*, 15 Vt. 84.)

Now, what is the injury of which the plaintiff complains? Simply that the defendants have torn down his fence or gate and driven their team across his meadow, whereby the grass has been trampled down and destroyed. It will hardly be contended that the destruction of the fence or gate is not susceptible of pecuniary compensation, and for which the law does not afford a prompt, adequate, and complete remedy. It is true that grass trampled down and destroyed cannot be made to grow again, but the injury can be adequately atoned for in money.

If, therefore, the plaintiff can recover for the trespass compensation equivalent or adequate to the injury which he has sustained, such injury, in no sense of the word, can be considered irreparable. All the cases fix the rule to be that the injury must be of that peculiar nature that it cannot be adequately compensated in damages or atoned for in money. There must be some equitable feature or incident to take it out of this rule, or equity will not interfere; as where the injury, although susceptible of pecuniary compensation, yet in the particular case, if the party is insolvent, and on that account unable to atone for it, it will be considered irreparable. But where the facts present no matter requiring equitable relief, and the remedy at law is adequate to do full and complete justice, the court itself should reject such jurisdiction as not within its legitimate province. To hold otherwise would confound all principles upon which the equitable jurisdiction stands. It will only be necessary to cite a few out of many cases to show that the remedy at law is not only adequate, but the one invariably pursued in cases of this character. (*Cyr* v. *Madore*, 73 Me. 53; *Wright* v. *Tukey*, 3 Cush. 290; *Burnham* v. *McQuesten*, 48 N. H. 446; *Marcy* v. *Taylor*, 19 Ill. 634; *Morse* v. *Ranno*, 32 Vt. 600; *Sharp* v. *Mynatt*, 1 Lea (Tenn.) 375; *Barraclough* v. *Johnson*, 8 Ad. & E. 99; *Le Neve* v. *Mile End Old Town*, 8 El. & B. 1055.)

There is another consideration to which it may not be amiss to refer. Upon the admitted facts, the record discloses that the alleged road never was, in one sense, an open and unobstructed highway. It has always had gates or bars across it, through which those traveling over it had to pass. The claim that it is a public road is based upon user and dedication. It is admitted that it has never been worked, repaired, or accepted by the proper authorities of the county. That the owner of the soil may make a qualified dedication of a road or way is established by judicial authority. He may reserve the right to keep a gate across it, or to subject it to any uses by himself or others not inconsistent with the public use, and if the public accept it, it takes it subject to these uses. (Wood Nuis. §§ 242, 243, and note of authorities; *Davies* v. *Stephens*, 7 Car. & P. 571.) But

the doctrine that a right of way or public road, with gates or bars across it, may be shown by dedication is cautiously admitted and applied. In the case of *Worth* v. *Dawson*, 1 Sneed, 62, where the road had been used by the neighbors as a church and mill road for nearly thirty years, the court say:—

"No use or acceptance of the way by the public is shown, nor any recognition of it by the proper authority, the county court. That a right of way may be claimed by dedication to the public use by the owner of the soil is not denied; but with us this doctrine must be cautiously admitted. Its too easy application would defeat the right of the owner of the soil to have compensation for damages sustained by laying out a road over his land, to which he is entitled when such road is laid out by the proper authority."

In *Jackson* v. *State*, 6 Cold. 535, the principle is cited with approval from Angell on Highways that mere user, however, uninterrupted by the public, and long continued, is not sufficient to give the right in the public; but that such user must be accompanied by acts showing the user to have been under a claim of right, and not merely by permission of the land-owner; such as working the road, keeping it up by the public, repairing it, or removing obstructions, etc. "A permissive use of a way by certain portions of the community constitutes a license and not a dedication, and is ordinarily something that may be revoked." "Everything, in such cases," said Barrows, J., "depends upon the intention of the party whose dedication is claimed, and upon the character of the permission given and the use allowed." (*White* v. *Bradley*, 66 Me. 259; citing *Stafford* v. *Coyney*, 7 Barn. & C. 257, and *Barraclough* v. *Johnson*, 8 Ad. & E. 99.) In *Hall* v. *McLeod*, 2 Met. (Ky.) 101, Simpson, C. J., said:—

"It cannot be admitted that where the proprietor of land has a pass-way through it for his own use, the *mere* permissive use of it by other persons for half a century would confer upon them any right to its enjoyment. So long as its use is merely permissive, it confers no right; but the proprietor can prohibit its use or discontinue it altogether at his pleasure. A different

doctrine would have a tendency to destroy all neighborhood accommodation in the way of travel; for if it were once understood that a man, by allowing his neighbors to pass through his farm without objection over the pass-way, which he used himself, would thereby, after the lapse of twenty or thirty years, confer a right on him to require the pass-way to be kept open for his benefit and enjoyment, a prohibition against all such travel would immediately ensue."

See also *Kilburn* v. *Adams*, 7 Met. 33; *State* v. *Nudd*, 23 N. H. 335; *Morse* v. *Ranno*, 32 Vt. 600; *Jones* v. *Davis*, 35 Wis. 382; *State* v. *Harden*, 11 S. C. 366; *Burnham* v. *McQuesten*, 48 N. H. 451; *Sharp* v. *Mynatt*, 1 Lea, 376; *Wright* v. *Tukey*, 3 Cush. 290.

Without intending in the slightest degree to express any opinion upon the merits, the real controversy in this case turns upon the question whether or not there is a public road where the alleged acts of trespass were committed. Upon this point, although there is not much controversy about the facts in evidence, the inferences sought to be drawn from them by the parties are wholly irreconcilable and antagonistic. Upon the one hand, it is contended that the evidence establishes that the plaintiff intended to dedicate it to the public as a highway. On the other hand, it is contended that the plaintiff, and those who preceded him in the fee, did not intend it as a dedication to the public, but as a private way for his own convenience, and that the use of it by the public was only permissive, and constituted a license, which was revocable at his pleasure. Here, then, are questions of fact to be investigated, which a jury, under the guidance of a court of law, are peculiarly fitted to determine, and which the authorities cited show that the remedy at law is not only appropriate, but competent, to render a judgment which shall establish the right or estate, and do complete justice to the matter in controversy. In *Hacker* v. *Barton*, 84 Ill. 314, the court holds, following *Wing* v. *Sherrer*, 77 Ill. 200, that, "as a general rule, it is better in all cases of a doubtful character, presenting a conflict of evidence, that parties should be remitted to whatever remedy they may have at law,

although equity might entertain jurisdiction"; and that this was especially so when there was a conflict of evidence in regard to the alleged fact of dedication of land to public uses. But here the case is without any equitable facts or circumstances upon which such jurisdiction can be based or assumed. The remedy is at law, and must be pursued there.

The decree is reversed, and the bill dismissed.