[Decided June 29, 1893.]

## DUFFY *v.* MIX.

[ S. C. 33 Pac. 807.]

MINES—JURISDICTION OF JUSTICE'S COURT—CODE, §§ 2175–2183.—The locator of a quartz mine under the laws of the United States (Rev. Stat. § 2319, *et seq.*) has simply a possessory, but not a legal, estate therein, and may therefore maintain in a justice's court, under sections 2175–2183, Hill's Code, an action for the recovery of such possession, since the title to real estate is not in question.

Union County:  JAS. A. FEE, Judge.

This was an action originally brought by C. J. Duffy and M. J. Dray against W. A. Mix, L. B. Rinehart, and S. A. Mix, in a justice's court for the recovery of the possession of a quartz mining claim known as the "Mayflower," in which the plaintiffs recovered a judgment, from which the defendants appealed to the circuit court, where plaintiffs again recovered judgment, and from which defendants have appealed to this court. In the justice's court the defendants demurred to the complaint on the ground that the court did not have jurisdiction of the subject matter of the action, which was overruled. This demurrer was again urged in the circuit court on appeal, but it was again overruled, and constitutes the only error relied upon in this appeal, although there are some others assigned.  AFFIRMED.

*T. H. Crawford,* for Appellants.

*Robert Eakin,* for Respondents.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

The contention for the defendants is that the party who discovers a mineral-bearing vein or lode in place upon the public lands, marks out and locates the same on the

ground, posts his notice thereon and records it, as pre-
scribed by the customs or laws, has not only the right of
possession, but a freehold title thereto under a grant from
the United States, which can only be defeated by his fail-
ure to comply with the conditions attached to such grant.
Hence it is claimed that in the trial of an action for the
recovery of the possession of a mining claim, where the
issue tendered and raised by the pleadings is the right of
possession, or the possessory title under the mining laws
of the United States, where the right is questioned, either
by failure to comply with the law in making the location,
or failure to comply with the conditions attached to the
grant as to annual assessment work, that the title to real
estate is essentially the issue to be tried, of which a jus-
tice's court has no jurisdiction.   Section 1 of article VII. of
the constitution provides that justices of the peace may be
invested with limited judicial powers.   Section 908 of
Hill's Code, after providing that a justice's court has jur-
isdiction, but not exclusive, of the actions enumerated
therein, declares by section 909 that the jurisdiction con-
ferred by the preceding section does not extend to "an
action in which title to real property shall come into ques-
tion."   Section 2081 of Hill's Code provides that "If it ap-
pears on the trial of any cause or action before a justice of
the peace, from the evidence of either party, that the title
to lands is in question, which title shall be disputed by the
other party, the justice shall immediately make an entry
thereof in his docket, and cease all further proceedings in
the cause, and shall certify and return to the circuit court
of the county a transcript of all entries," etc.   These sec-
tions clearly indicate that it was the intent of the legisla-
ture to withhold from the justice's court jurisdiction to try
any action where the title to real estate comes in question.
Justice's courts, not being courts of record, their judgments
are not safe and enduring evidence of title to realty, and,
being often presided over by men untrained in the law,

and by reason thereof incapable of determining the intricate and difficult questions which arise in relation to titles to land, they are not regarded as safe depositories for the exercise of such jurisdiction.

Sections 2175, 2183, Hill's Code, show that a justice's court has jurisdiction of an action to recover the possession of a mining claim, prescribe the facts that must be set out in the pleadings constituting the plaintiff's right of possession, the answer of the defendant, the substance of the judgment to be entered, the evidence that may be given, and provide for the right of appeal and the enforcement of the judgment. The action for which these sections provide is purely possessory, and does not contemplate the trial of questions which involve the legal title to realty. Its object is to furnish a speedy remedy for the recovery of a mining claim to one ousted from the actual possession, but in whom is the right of possession. It is not intended to take the place of an action of ejectment. The action of ejectment can only be used as a remedy to determine the right of possession where the plaintiff has a legal interest or title to the property the possession of which is sought to be recovered. Section 316, Hill's Code, provides that "Any person who has a legal estate in real property, and a right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law." It is said in *Chapman* v. *Dougherty*, 87 Mo. 617, that "in our statutory ejectment all the constituent elements of title are involved: possession, right of possession, and right of property": *Joy* v. *Stump*, 14 Or. 362. But a question as to actual possession is not one involving title, neither is the question as to the right of possession, independently of any claim of title. When the plaintiff is denied or deprived of the possession of his mining claim, it is the "facts constituting his right of possession" that furnish the basis of the justice's courts' jurisdiction, and the right to adjudge the recovery of its

possession. The action is possessory, and the right of pos-
session, not of property, is contested. The action decides
nothing with respect to the right or title of property; it
merely restores the plaintiff to that state or condition in
which he was, or by law ought to have been, before dis-
possession. We think, therefore, there is no jurisdiction
given to a justice's court in an action for the recovery of
a mining claim to try questions of title to real property.

The question then recurs whether the location of a
quartz mine under the laws of the United States confers
on the locator, before entire compliance with their require-
ments, such legal rights or title to it as precludes the right
of a justice's court to exercise jurisdiction in an action by
him for the recovery of its possession. The answer to this
question depends upon the nature of the interest which
the locator has acquired in the claim. By section 2319,
*et seq.*, revised statutes of the United States, all valuable
mineral deposits in lands of the United States and in
lands on which they are found, are declared to be open
to exploration, occupation, and purchase. The mode
of locating such lands as mining claims is fully pro-
vided for, and the locators are granted the exclusive
right of possession and enjoyment of the surface included
within the lines of their location. In *Gwillim* v. *Don-
nellan*, 115 U. S. 49, the court says that "a valid and
subsisting location of mineral lands, made and kept up
in accordance with the provisions of the statutes of the
United States, has the effect of a grant by the United
States of the right of present and exclusive possession of
the lands located." "The statutes of the United States,"
Mr. Justice BREWER said, in *Aspen Mining Co.* v. *Rucker*,
28 Fed. Rep. 220, "provide that upon the performance of
certain conditions, the discoverer of a mine becomes
entitled to a patent. If all these conditions have been
performed, the full equitable title is vested in the dis-
coverer, and all that the government retains is the naked

legal title in trust for the equitable owner. If only partially performed, he has an absolute right of possession, and an inchoate title, which further performance will perfect and complete." This possessory right is declared by the statutes and decisions of some of the states to be real estate title, and as such passes to the heir, and is subject to seizure and sale. In this state we have no statute declaring such possessory rights, or right of possession to a mining claim, to be real estate title. The rights given under the United States statutes are possessory, and do not confer title, but entitle a party, who, having made and marked his discovery, and performed and kept up the work necessary to a valid and subsisting location, for the purpose of developing the mine, to the exclusive possession and enjoyment thereof against the whole world. Such is the case of the plaintiffs. They have located their mining claim, and are engaged in working, and doing those things essential to make it a valid and substantial location. Whether they intend to fully comply with the requirements of the law so as to entitle them to a legal title or patent we are unadvised, but their right to the present possession, while so engaged, is absolute and exclusive against all the world. As this right of possession entitles the plaintiffs to work the mine, take out its ore and appropriate it to their own use and profit, it is a valuable right and protected by the law. Such being the case, whoever wrongfully deprives them of its possession will be adjudged to restore it in an action for its recovery. As the right of the plaintiffs to the possession of the mine in question is not a legal estate or title to land, an action may be maintained in a justice's court for its recovery, if they have been wrongfully deprived of its possession. As the demurrer of the defendants admits the facts constituting the plaintiffs' right to the possession of the "Mayflower" mining claim, and that they wrongfully and clandestinely deprived plaintiffs of its possession, and still continue to withhold

such possession from them, it results that the judgment for its recovery must be AFFIRMED.