Decided 18 June, 1900.

## HERRON *v.* EAGLE MINING COMPANY.

[61 Pac. 417.]

INTEREST OF LOCATOR OF MINE—STATUTE OF LIMITATIONS.

1. The interest acquired by a locator in possession of a mining claim prior to his compliance with provisions of United States statutes entitling him to a patent is merely personalty, and not an interest in real property, from which it follows that the ten year limitation provided by Section 382, Hill's Ann. Laws, concerning suits for the determination of an interest in real property, does not apply to a suit for the specific performance of a contract to convey an unpatented mining claim : *Allen* v. *Dunlap*, 24 Or. at p. 234, and *Duffy* v. *Mix*, 24 Or. at p. 269, cited.

SPECIFIC PERFORMANCE—PLEADING.

2. Where the owner of lands was to convey an interest therein for services to be rendered by plaintiff, and the contract provided that the owner might sell the claim before the expiration of the work, no recovery could be had in a suit for specific performance against the owner's assignee, where there was no allegation that the lands were not so sold.

From Baker : ROBERT EAKIN, Judge.

Suit by Isaac Herron against the Eagle Mining Co. to enforce specific performance of a contract made with plaintiff by defendant's grantor. There was a decree for defendant, from which plaintiff appeals.    AFFIRMED.

For appellant there was a brief over the names of *Olmstead & Miller* and *N. M. Ruick*, with an oral argument by *Mr. Martin L. Olmstead.*

For respondent there was a brief over the name of *Courtney & Knight*, with an oral argument by *Mr. N. B. Knight.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit for the specific performance of a contract. The facts are that in September, 1886, one Henry Cable, who was in possession as locator of a quartz mining claim in Baker County known as the "Grey Eagle," entered into a written contract with D. C. Probasco and A. H. Huntington, by the terms of which he agreed to sell and convey them an undivided two-thirds interest therein in consideration of their doing the annual assessment work for the four consecutive years beginning with 1886 ; it being stipulated, however, that in case the whole or any part of the claim should be sold or disposed of by Cable before the expiration of the four years, Probasco and Huntington should share in the proceeds, the same as though they were the legal and rightful owners of the two-thirds interest in the mine. Probasco and Huntington performed the assessment work for the years 1886 and 1887, when Probasco transferred to plaintiff all his rights under the contract, and the plaintiff and Huntington thereafter complied with its terms, so as to become entitled, on the first day of January, 1890, to a conveyance, as stipulated in the contract. About that time

Cable conveyed to Huntington an undivided one-third interest in the mine, but refused to make a conveyance to the plaintiff. The defendant corporation has been the owner of the mine since December 7, 1891, but purchased it with knowledge of the plaintiff's rights. This suit was commenced on December 20, 1899, whereupon the defendant interposed a demurrer to the complaint on the grounds that it appears upon the face thereof that the suit is barred by the statute of limitations, and that it does not state facts sufficient to constitute a cause of suit; which being sustained, and the suit dismissed, plaintiff appeals.

1. The contention for the plaintiff is that this is a suit for the determination of a claim to or interest in real property within the meaning of Section 382, Hill's Ann. Laws, and is, therefore, within the ten-years statute of limitations. The nature of the title or rights acquired or held by a locator in possession of a mining claim prior to his compliance with the provisions of the statutes of the United States entitling him to a patent is difficult to determine from the authorities. Prior to such compliance it is agreed he has an absolute right of possession. In many states this possessory right is by statute declared to be an interest in real estate, and subject to seizure and sale as such: Barringer & A. Mines & Mining, 317; 1 Lindley, Mines, § 535. And the decisions of the courts holding it to be real estate, are in most, if not all, instances based upon some such statutory provision. Prior to the law of 1898 (Laws, 1898, p. 16) we had no statute to that effect except Section 3830, Hill's Ann. Laws, which is not involved here. It was consequently held in *Duffy* v. *Mix*, 24 Or. 265 (33 Pac. 807), and *Allen* v. *Dunlap*, 24 Or. 229 (33 Pac. 675), that the locator of a quartz mine, prior to the time he becomes entitled to a patent, has a mere right of possession or possessory title, which is valuable, and will be protected by law, but is not real estate

or an interest in land. This view finds support in the decisions in California that prior to the act of 1860, providing for the conveyance of mining claims, they would pass by a verbal sale, if accompanied by an actual transfer of the possession of the ground, because the right to such claim rested on possession only, and did not amount to an interest in the land, and therefore not within the statute of frauds : *Patterson* v. *Keystone Mining Co.* 30 Cal. 360 ; *Table Mountain Tunnel Co.* v. *Stranahan*, 20 Cal. 198. In accordance with the doctrine adopted by this court, the demurrer must be sustained on the ground that the suit was barred by the statute of limitations.

2. There is, however, another ground for supporting the decree of the court below. The contract between Cable and the plaintiff's assignor manifestly contemplated that Cable should have the right to sell and dispose of the mine at any time before the completion of the assessment work, and there is no allegation in the complaint negativing such sale or disposition. The decree of the court below will therefore be affirmed, and it is so ordered.

AFFIRMED.

Decided 11 June, 1900.