Argued 10 October; decided 22 October, 1900.

## PARKER *v.* FURLONG.

[ 62 Pac. 490.]

TRESPASS ON MINING CLAIM—INJUNCTION.*

1. While the practice as to restraining trespassing on mining property is liberal, to prevent the destruction of the substance of the estate; yet a single act of trespass will not justify the interposition of equity: *Bishop* v. *Baisley*, 28 Or. 119, applied.

ENJOINING TRESPASS—INSOLVENCY OF DEFENDANTS.

2. The mere insolvency of the defendant is never of itself a reason for issuing an injunction; there must be some other equitable ground for interference.

From Douglas : H. K. HANNA, Judge.

Suit by J. B. Parker to restrain Nicholas Furlong and James Farrier from trespassing on a mining claim, in which plaintiff appeals from a decree on final hearing dismissing his complaint.          AFFIRMED.

*NOTE.—The question of when an injunction should be granted to restrain a trespass is considered in notes to the following-named cases, viz.: *Dudley* v. *Hurst*, 1 Am. St. Rep. 378; *McGregor* v. *Silver King Mining Co.* 60 Am. St. Rep. 883, 889; *Carney* v. *Hadley*, 22 L. R. A. 233, 37 Am. St. Rep. 101, 108: *Wiggins* v. *Williams*, 30 L. R. A. 754. Read, also, *Muldrick* v. *Brown*, 37 Or. 185.—REPORTER.

For appellant there was a brief over the name of *Coshow & Sheridan*, with an oral argument by *Mr. O. P. Coshow*.

For respondents there was a brief over the names of *F. W. Benson* and *J. C. Fullerton*, with an oral argument by *Mr. Fullerton*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit by J. B. Parker to enjoin Nicholas Furlong and James Farrier from trespassing upon a mining claim. The complaint, after alleging plaintiff's ownership and possession of a certain placer mining claim in Douglas County, avers that on December 17, 1897, the defendants, without claim or right, "entered and trespassed upon said claim, and commenced digging thereon, and refused to depart therefrom when demanded so to do by the plaintiff; that said defendants threaten to, and will unless restrained by an order of this court, continue to dig thereon, and will take all the water from said claim, to the great and irreparable loss and damage of plaintiff, and threaten to, and will unless restrained by an order of this court, destroy the head gates, flumes, pipes, and ditches made and placed upon said claim by plaintiff, and used by him in the development thereof, to the great and irreparable injury and damage of plaintiff;" that defendants are wholly insolvent, and plaintiff has no plain, speedy, or adequate remedy at law. A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of suit was overruled, and the defendants answered, denying the material allegations of the complaint, and for a further and separate defense averring that the mining claim described in the complaint is the property of the defendant N. Furlong, and was duly located by him long prior to any attempted location by

the plaintiff.    The reply put in issue the affirmative alle-gations of the answer, and upon the trial the complaint was dismissed because, as stated by the court, "there is no evidence to support the allegation of trespass com-plained of in plaintiff's complaint herein, and that the defendant has not committed the trespass complained of." From this decree the plaintiff appeals.

1.    The suit was dismissed by the court below for want of jurisdiction, and, in the view we have taken of the matter, this presents the only question necessary to be considered.    Under the ancient chancery practice, in-junctions to prevent trespass upon real estate were never granted, but the parties were left to their legal remedy : *Burnley* v. *Cook*, 13 Tex. 586.    A more liberal rule, how-ever, now prevails, and where there is danger of the de-struction of the estate, or of irreparable mischief, and the legal remedy is inadequate, a court of equity will inter-fere by injunction.    In case of mining property greater latitude is allowed than in an ordinary trespass, because the injury generally goes to the immediate destruction of the minerals, which constitute the chief value of the estate.    But before a court of equity will interfere, even to enjoin a trespass upon a mining claim, it must appear that the trespass consists in the removal or threatened removal of the ore, or in some act going to the irrepara-ble injury or destruction of the mine :  1 High, Inj. (3 ed.) § 730 ;  2 Lindley, Mines, § 842 ;  *Allen* v. *Dunlap*, 24 Or. 229 (33 Pac. 675);  *Bishop* v. *Baisley*, 28 Or. 119 (41 Pac. 936).    Now, there is neither allegation nor proof that the trespass committed by defendants was of this character.    It does not appear that they have been or are threatening to take or remove any of the mineral from the mine, or, indeed, that it contains precious metals. The allegation of the complaint is that defendants entered upon the claim and commenced digging thereon, and, un-

less restrained, will continue to do so, and will destroy the head gates, flumes, pipes, ditches, etc., and take all the water therefrom. The only testimony on the subject is that of the plaintiff, who says that on the seventeenth of December, 1897, "Mr. Furlong came there with another party, and commenced work on the ditch. He had a big six-shooter buckled around him, and one of my men came to the house and told me he was there, and I went down and saw him working there. I took two men with me,—went to where he was working. I notified him that he was working on my ground, and I bid him to leave there. He refused to do so. He said he was going to dig that ditch, and pull up our gates, and throw them to h—, and take the water that we were using. I believe that is about all the talk we had there." This evidence shows nothing more than a single, naked trespass upon real property, and, under all the authorities, it is not sufficient to give a court of equity jurisdiction. There is no proof that the ditch referred to belongs to the plaintiff, or that the defendants had no right or title to it, or the water flowing therein.

2. The complaint alleges that the defendants are insolvent, and it is claimed this allegation is sustained by the testimony, and is sufficient of itself to give a court of equity jurisdiction. But the mere insolvency of a defendant is never sufficient reason of itself for injunctive relief: *Pensacola, etc. R. R. Co.* v. *Spratt*, 12 Fla. 26 (91 Am. Dec. 747). And, moreover, the allegation of insolvency is not sustained by the testimony. The only witness who testifies on the subject is the plaintiff, who says, in answer to a direct interrogatory, that he does not think the defendant is worth anything, but upon cross-examination admits that all he knows about the matter is mere hearsay. It follows that the decree of the court below must be affirmed, and it is so ordered.        AFFIRMED.