Argued 17 April, decided 9 July, 1907.

## HUME *v.* BURNS.

90 Pac. 1009.

BOUNDARY DISPUTE—INJUNCTION—REMEDY AT LAW.

1. A suit for an injunction to restrain a trespass should not ordinarily be used to determine a disputed boundary line, such an injunction being sparingly used because the plaintiff has usually a remedy at law or an equitable remedy by a suit to determine a disputed boundary, both which are less severe than the remedy by injunction.

INJUNCTION AGAINST TRESPASS—INSOLVENCY OF DEFENDANT.

2. The insolvency of defendant is not reason for· entertaining a suit to enjoin a trespass, where the main purpose is to determine a boundary line and obtain possession of real property.

EQUITY—JURISDICTION—WAIVER OF OBJECTION.

3. Where defendant, in a suit in equity, answers to the merits and asks equitable relief, he should not be permitted thereafter to question the jurisdiction on the ground of an adequate remedy at law; but, where the facts necessary to give jurisdiction are stated in the complaint but denied in the answer, without a prayer for affirmative relief, the question becomes one of fact, and is not waived by answering to the merits, and if want of jurisdiction appears during the trial the suit should be dismissed.

JUDGMENT AS AN ESTOPPEL.

4. A judgment for plaintiff, in an action of trespass, is only evidence that the title to some part of the premises was in the successful party, and, before he can avail himself of such judgment as an estoppel in another proceeding, he must show on what part of the premises the trespass was committed, and then apply the issue and judgment to the premises in controversy in the suit to enjoin.

From Curry: JAMES W. HAMILTON. Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by R. D. Hume against E. B. Burns to enjoin a trespass on real property. It is alleged that the plaintiff is the owner in fee of the property in question; that for about .... months prior to the commencement of this suit, the defendant, without right, unlawfully, vexatiously and willfully entered upon such premises, and deposited and kept thereon net racks and other fishing appliances, and lodged and cleaned fish thereon, and at various times occupied and used the premises as his own; that on or about the 11th day of February, 1903, he dug a trench or drain thereon to empty a pond, partly on plaintiff's land and partly on adjoining land; that defendant had assembled building material upon such premises, and commenced the construction of a building; that on October 13, 1903, plaintiff commenced an action at law against him to recover damages for certain trespasses committed; and that defendant is insolvent and unable to answer in damages. The defendant answered, denying all the material allegations of the complaint, and for an affirmative defense pleaded that the alleged acts of trespass were not committed upon plaintiff's land. After issue joined, the cause was referred to a referee to report the testimony. Pending the hearing before the referee, the plaintiff, by leave of the court, filed a supplemental complaint, alleging that, since the commencement of the suit, such proceedings had been had in the action of trespass, mentioned in the complaint, that plaintiff recovered a judgment therein against defendant for $25 damages. A demurrer to the supplemental complaint was sustained, the cause tried on evidence, as reported by the referee, and a decree rendered in favor of defendant, dismissing the suit for want of jurisdiction. From this decree, plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *R. H. Countryman* and *W. C. Hale,* with an oral argument by *Mr. Hale.*

For respondent there was a brief over the names of *Hall & Hall, Robert Burns,* and *Michael G. Munly,* with oral arguments by *Mr. John F. Hall* and *Mr. Munly.*

Opinion by MR. CHIEF JUSTICE BEAN.

The only material question in this suit is the location of the southeasterly line of plaintiff's premises. Plaintiff owns a narrow strip of rocky and sandy beach land along and in front of the Town of Ellensburg, and extending to the Rogue River on the north. It is uninclosed and unimproved, and valued chiefly because it affords access to the waters of the river. In 1903, the defendant, who was engaged in taking salmon in the river for commercial purposes, used this land as a landing for boats and nets in connection with his business; but such use did not substantially injure plaintiff's estate. Before the commencement of this suit, he purchased or leased a tract of land south of and adjoining plaintiff's land, and in February, 1903, began to assemble material for the purpose of erecting a salthouse. Plaintiff, claiming and alleging that defendant proposed to construct such salthouse on his land, commenced this suit to enjoin him from so doing. Upon the filing of the complaint, a temporary injunction was issued and served upon defendant, whereupon he changed the location of his proposed building to a place outside of the boundary line of plaintiff's premises, as, he claims, the same was pointed out to him by plaintiff's attorney, and thereafter completed such building. It is now asserted by the plaintiff that the building is either wholly or partly on his premises, while the defendant's position is that it is outside of such boundary and on land bordering plaintiff's premises. This is the only question sought to have determined in this suit. The other acts of trespass charged in the complaint have either not been proved, or, as we must assume, are not considered by plaintiff sufficient to entitle him to injunctive relief, since no mention is made of them in the briefs, and no particular prominence given them in the argument. The only question then, as we take it, to be determined in this case, is the title to land upon which defendant's building is situated, and this depends upon the location of the boundary thereof.

1. Now, the law is that a suit to enjoin a trespass cannot

be used as a substitute for a proceeding to try the legal title to real property or to establish the boundary thereof. An injunction will not issue to restrain a trespass upon real property, unless the acts committed or threatened by the defendant will result in irreparable injury to the estate of the plaintiff, or are such as must necessarily lead to oppressive litigation or a multiplicity of suits. "The practice of granting injunctions in cases of trespass," said Mr. Justice LORD, "is of comparatively modern origin, and is a jurisdiction sparingly indulged, and only upon a state of facts which show that the injury would be irreparable, and the remedy at law inadequate to redress the wrong or injury complained of. When the nature of the trespass is such as must necessarily lead to oppressive litigation or a multiplicity of suits, or the injury goes to the destruction of the estate in the character in which it is enjoyed, or the trespass cannot be adequately compensated in damages, and the remedy at law is plainly inadequate, a court of equity, in such or like cases, is authorized to interfere and grant relief by injunction. But the general doctrine, well established by the authorities, is that a court of equity will not grant an injunction to restrain a mere trespass, where the injury complained of is not irreparable, and destructive of the plaintiff's estate, but is susceptible of pecuniary compensation, and for which he may obtain adequate satisfaction in the ordinary course of law": *Smith* v. *Gardner,* 12 Or. 221 (6 Pac. 771: 53 Am. Rep. 242). To the same effect: *Mendenhall* v. *Harrisburg Water Co.* 27 Or. 38 (39 Pac. 399) ; *Parker* v. *Furlong,* 37 Or. 248 (62 Pac. 490) ; *Moore* v. *Halliday,* 43 Or. 243 (72 Pac. 801: 99 Am. St. Rep. 724). It is clear, therefore, that the question sought to be litigated in this suit cannot be determined in an action to enjoin a trespass, because the plaintiff has a complete and adequate remedy at law or by a suit in equity to establish a boundary.

2. It is alleged in the complaint that defendant is insolvent, and unable to respond in damages; but this, of itself, is no ground for relief in equity in a suit of this character: *Parker*

v. *Furlong,* 37 Or. 248 (62 Pac. 490) ; *Moore* v. *Halliday,* 43 Or. 243 (72 Pac. 801: 99 Am. St. Rep. 724) ; *Warlier* v. *Williams,* 53 Neb. 143 (73 N. W. 539). The object of the suit is to determine the title to and obtain possession of real property, and this may be secured by an ordinary action at law, and the insolvency of the defendant does not give a court of equity jurisdiction.

3. It is also claimed that the defendant waived the question of jurisdiction by answering to the merits. Where a defendant in a suit in equity answers to the merits, and asks equitable relief, he cannot thereafter question the jurisdiction on the ground that the plaintiff has an adequate and complete remedy at law (*Municipal Security Co.* v. *Baker County,* 33 Or. 338: 54 Pac. 174; *Kitcherside* v. *Myers,* 10 Or. 21; *Larch Mountain Invest. Co.* v. *Garbade,* 41 Or. 123: 68 Pac. 6) ; but where, as here, facts necessary to give a court of equity jurisdiction are stated in the complaint, and denied by the answer, the question becomes one of fact, and is not waived by answering to the merits, and, if the want of jurisdiction appears during the trial, the suit should be dismissed: *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916) ; *Union Power Co.* v. *Lichty,* 42 Or. 563 (71 Pac. 1044).

4. It is also contended that the defendant is estopped to deny plaintiff's title to the land upon which the salthouse is located, because of the judgment in the action of trespass brought against him by plaintiff. But the judgment in that action is only evidence that the title to some part of the premises described in the complaint was in the plaintiff, and before he can avail himself of such judgment as an estoppel in another action, he must show by evidence on what part of the premises the trespass was committed, and then apply the issue and judgment to the premises now in controversy: *Abraham* v. *Owens,* 20 Or. 511 (26 Pac. 1112). .

For these reasons, the court below, in our opinion, was right in dismissing the suit, and its decree is affirmed.

AFFIRMED.