Argued May 6, reversed May 25, 1915.

STEWART v. ERPELDING.

(148 Pac. 1129.)

Injunction—Grounds—Prevention of Irreparable Loss—Complaint.

1. In an action to restrain the removal of personalty from premises leased to defendants, where the complaint did not allege that the property was attached to the realty, or that the proposed manner of removal would injure either the realty or the personalty, an allegation of irreparable injury, without a recital of any facts indicating a probability thereof, being a mere conclusion of law, and the insolvency of the defendants not being sufficient of itself to show that the removal would cause irreparable injury, the complaint failed to give jurisdiction in equity.

Injunction—Grounds—Prevention of Irreparable Loss—Sufficiency of Evidence.

2. In an action to restrain the removal of personalty from leased property, evidence *held* insufficient to sustain the complaint alleging the necessity of an injunction to prevent irreparable loss.

From Malheur: DALTON BIGGS, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This is a suit by R. A. Stewart against John P. Erpelding and Peter Kessler, partners, doing business under the firm name and style of Erpelding & Kessler, to enjoin the removal of certain personal property from a building in Ontario, Oregon, formerly occupied by defendants as a retail liquor saloon.   The complaint alleges, in substance, that the defendants, as partners, leased from plaintiff a building in Ontario, which contained certain personal property consisting of saloon fixtures and furnishings, which are enumerated; that during the second year of such lease, and at the time of commencing this suit, defendants were threatening to remove said personal property from said building without authority and against the wish of plaintiff; that plaintiff is the sole owner of the property, which is of the reasonable value of $1,500, and that, if removed, it will be greatly injured and virtually

destroyed, to his irreparable damage in the sum of $1,500; that defendants are inpecunious and unable to respond in damages. The defendant Kessler filed an answer which denies that any of the personal property described in the complaint is owned by plaintiff, and alleges affirmatively that he is the sole owner and entitled to the possession thereof. A reply being filed, consisting of general denials, defendant Kessler moved for a dismissal of the complaint upon the ground that the same did not state any fact giving a court of equity jurisdiction of the subject matter. This motion being denied, the cause proceeded to trial, and from a decree in favor of plaintiff, defendant Kessler appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. C. McGonagill.*

For respondent there was a brief and an oral argument by *Mr. William E. Lees.*

MR. JUSTICE BENSON delivered the opinion of the court.

There are some 22 assignments of error, but we do not deem it necessary to consider more than the sufficiency of the complaint and the proof in support thereof.

1. The complaint does not state facts sufficient to give a court of equity jurisdiction. There is no fact alleged which shows that the personal property is in any way attached to the realty, or that the proposed manner of removal would in any way injure either the realty or the personalty. The allegation of irreparable injury, without a recital of any facts which would indicate the probability thereof, is a mere conclusion of law. The insolvency of the defendants is

not of itself sufficient to invoke the intervention of a court of equity: *Parker* v. *Furlong,* 37 Or. 251 (62 Pac. 490).

2. But, if the allegations of the complaint were sufficient, there is a total lack of evidence to sustain them. There is not a syllable of testimony as to the possible injury of the personal property in such removal, nor is there a particle of evidence in the record as to the financial ability of the defendants or either of them. The entire testimony is directed to the question of ownership and right of possession. This is a question with which we are not at this time concerned. The plaintiff doubtless has a remedy for the recovery of the property, if it be his, but not in equity.

It follows that the decree must be reversed and the suit dismissed; and it is so ordered.

REVERSED.    SUIT DISMISSED.